USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALBERTO CASTELLANO,

        Petitioner,

        - against -

UNITED STATES OF AMERICA,

        Respondent.

**16 Cv. 03513 (VM)**
**01 Cr. 0619 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Petitioner Alberto Castellano ("Castellano") seeks reconsideration of the Decision and Order (the "Decision" or "D&O," Dkt. No 475[1]) issued by this Court on April 16, 2025, denying his motion to vacate certain convictions pursuant to 28 U.S.C. § 2255 ("§ 2255"). (See "Motion for Reconsideration" or "Recon. Mot.," Dkt. No. 476). The Government opposes the motion. (See "Opposition" or "Opp'n," Dkt. No. 482.) Castellano also requests the Court to take Judicial Notice regarding the Government's initial delay in responding to his Motion for Reconsideration. (See "Judicial Notice Motion," Dkt. No. 484.)

For the reasons detailed below, Castellano's motions for reconsideration and for judicial notice are **DENIED**. Castellano's Motion for Reconsideration is denied because he failed to identify case law or facts that the Court

---

[1] All docket citations in this order refer to filings in 01 Cr. 619.

1

overlooked in rendering the Decision and that would reasonably alter the determination the Court reached during its prior consideration. Castellano's Judicial Notice Motion is denied as moot because the Government responded to his Motion for Reconsideration, which the Court now denies.

## I.   BACKGROUND

The Court presumes familiarity with the underlying facts of this case from prior decisions and orders. (See Dkt. Nos. 277, 312, 475.) Therefore, the Court provides only a brief recitation of the procedural history. In 2006, Petitioner Castellano was convicted by a jury in this District of numerous counts, including attempted or completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Pursuant to 18 U.S.C. § 924(c) ("§ 924(c)"), Castellano was also convicted of numerous counts of possessing a firearm in furtherance of the Hobbs Act robbery counts. Castellano subsequently filed a petition pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition") to vacate his convictions on the Section 924(c) counts. (See Dkt. No. 457.) The Court issued the Decision on April 16, 2025, denying the petition. (See D&O.)

Following that denial, on April 30, 2025, Castellano filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). (See Recon. Mot.) Castellano submitted an additional pro se letter in support

2

of that motion on September 2, 2025. (See Dkt. No. 479.) On September 4, 2025, the Court issued an order directing the Government to respond within thirty days to the arguments Castellano raised in his Motion for Reconsideration and subsequent letter. (See Dkt. No 480.) On October 23, 2025, the Court issued another order directing the Government to show cause for its failure to respond or submit a response to Castellano's motion within fourteen days. (See Dkt. No 481.) On November 6, 2025, the Government submitted its Opposition. (See Dkt. No. 482.) On November 12 and November 17 respectively, a pro se letter and accompanying Judicial Notice Motion from Castellano both dated November 4 were filed on the public docket. (See Dkt. Nos. 483, 484.) In that letter and accompanying motion, Castellano argues that the Court should "take Judicial Notice regarding the Government's failure to respond to Petitioner's [Motion for Reconsideration]" and grant the Motion for Reconsideration. (Dkt. No. 484, at 1.)

## II.  DISCUSSION

As explained above, "Courts construe a motion to reconsider the denial of relief under § 2255 as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)." Herrera v. United States, No. 18 Crim. 13, 2020 WL 1322543, at *1 (S.D.N.Y. Mar. 19, 2020) (citing

3

United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993));
accord Bright v. United States, 23 Civ. 4524, 2024 WL
5301744, at *1 (S.D.N.Y. Dec. 18, 2024). Reconsideration
under Local Civil Rule 6.3 requires "the same" analysis as
that of Rule 59(e). Abrahamson v. Board of Educ. of
Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510
(S.D.N.Y. 2002).

The standard for granting a motion for reconsideration
is "strict, and reconsideration will generally be denied
unless the moving party can point to controlling decisions
or data that the court overlooked." Shrader v. CSX Transp.,
Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration of a
prior order is an "extraordinary remedy to be employed
sparingly in the interests of finality and conservation of
scarce judicial resources." Reese v. United States, 164 F.
Supp. 3d 608, 610 (S.D.N.Y. 2016) (quoting In re Health Mgmt.
Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y.
2000)). "To these ends, a request for reconsideration... must
advance controlling law or factual matters that the movant
believes the Court overlooked in its decision on the
underlying matter and that might reasonably be expected to
alter the conclusion reached by the Court." Id. "A party
seeking reconsideration may neither repeat 'arguments
already briefed, considered and decided,' nor 'advance new

4

facts, issues or arguments not previously presented to the Court.'" Sikhs for Just. v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (quoting Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)).

Castellano moves for reconsideration of the April 16, 2025, Decision on the grounds that the Court should not have applied the concurrent sentence doctrine to deny his § 2255 Petition. In the Decision, the Court found that while Castellano's § 2255 Petition was not procedurally barred by the Antiterrorism and Effective Death Penalty Act of 1996's gatekeeping requirements, the concurrent sentence doctrine applied such that the Court declined to review the merits of his challenge. (See D&O at 17-18.)

"Under the concurrent sentence doctrine, a court may decline to consider a challenge to a conviction for which an appellant's sentence runs concurrently with that for another, valid conviction." Al-'Owhali v. United States, 36 F.4th 461, 466 (2d Cir. 2022) (internal quotation omitted). A Court may also "exercise its discretion under the concurrent sentence doctrine to decline to review the merits of a claim on collateral review when the challenged conviction's sentence runs consecutively to one or more unchallenged life sentences." Id. at 463. This is a "discretionary doctrine rooted in judicial convenience," Kassir v. United States, 3

F.4th 556, 562 (2d Cir. 2021), that is sometimes available "on collateral review... in challenges to either a sentence or a conviction under 28 U.S.C. § 2255." Purcell v. United States, 158 F.4th 441, 448 (2d Cir. 2025). Courts have discretion to apply the doctrine when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." Al-'Owhali, 36 F.4th at 467.

Courts rely on the factors laid out in United States v. Vargas, 615 F.2d 952, 959-60 (2d Cir. 1980), to determine whether the defendant may suffer adverse collateral consequences. These factors include "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction[.]" Kassir, 3 F.4th at 568.

Castellano argues that the Court wrongly denied his § 2255 Petition under the concurrent sentence doctrine. Castellano contends that if the Court had reached the merits of his claims, vacated his § 924(c) convictions predicated on attempted Hobbs Act Robbery, and resentenced him de novo, he could possibly receive a reduction in the amount of time

he is required to serve. (See Recon. Mot. at 2-4.) Specifically, Castellano states that under Kaziu v. United States, 108 F.4th 86, 94 (2d Cir. 2024), this Court is required hold de novo sentencing if his § 924(c) convictions are vacated because (1) this Court was not the original sentencing court, and (2) Castellano has "presented powerful evidence of his rehabilitation." (Recon. Mot. at 2-3.) Because Castellano's life sentence is not mandatory, Castellano contends that he could receive a lower sentence at a de novo resentencing because of his rehabilitation. According to this argument, since he could potentially receive a lower sentence at resentencing, the application of the concurrent sentencing doctrine was prejudicial to Castellano under Al-'Owhali (See id. at 2-4.)[2]

The Government responds that the issues of de novo resentencing and the concurrent sentence doctrine were not "overlooked," but rather were fully briefed and properly considered by this Court. (See Opp'n at 2.) The Government also argues that the Motion for Reconsideration misconstrues Al-'Owhali and that the relevant recent case law support the

---

[2]  In the alternative, Castellano argues that the Court should reject Al-'Owhali's primary holding "that a court may exercise its discretion under the concurrent sentence doctrine to decline to review the merits of a claim on collateral review when the challenged conviction's sentence runs consecutively to one or more unchallenged life sentences[,]" 36 F.4th at 463.  The Court rejects any such argument.

application of the concurrent sentence doctrine even when doing so may deprive the petitioner of de novo resentencing. (See id. at 1-3.)

The Court denies Castellano's Motion for Reconsideration because it amounts to attempt to relitigate arguments that the Court already considered and rejected in the Decision. Castellano cannot meet the "strict" standard needed to grant a motion for reconsideration, because his arguments were not "overlooked" by the Court's Decision. Shrader, 70 F.3d at 257. In Castellano's Memorandum of Law in Support of his § 2255 Petition, he argued over several pages that the Court must conduct de novo resentencing because of the factors in Kaziu. (See Dkt. No. 457, at 7-14.) The Government's Response in Opposition to Castellano's § 2255 Petition dedicated multiple pages to discussing the application of the concurrent sentence doctrine and de novo resentencing. (See Dkt. No. 469, at 8-10.) Therefore, the application of the concurrent sentence doctrine and de novo resentencing in this matter were not "overlooked," but were fully briefed by the parties and closely examined by the Court.

Taking these parties' arguments into consideration, the Court in the previous review, as the Decision recorded, properly applied the concurrent sentence doctrine. The Court

8

noted that "a favorable decision on [Petitioner's] claims has no impact on [Petitioner's] [] life sentence[] for racketeering (Count 1), especially given that Petitioner[] [has] not sought relief challenging [his] conviction[] in these proceedings." (D&O at 17-18.) The Court then analyzed each Vargas factor to find that Castellano would suffer "no adverse collateral consequence" for leaving his conviction and sentence unreviewed. (Id. at 18) (quoting Kassir, 3 F.4th at 561 (alteration omitted)).

In his Motion for Reconsideration and related pro se letter, Castellano attempts to relitigate the issue of de novo resentencing in Kaziu that the Court in its discretion declined to address by applying the concurrent sentencing doctrine. However, by simply repackaging the Kaziu argument that de novo resentencing is required, the Motion for Reconsideration does not demonstrate that "the Court overlooked controlling decisions or material facts that were before it on [his] original Section 2255 motion and that might have materially influenced the [Decision]." In re Peña, No. 24 Civ. 1266, 2024 U.S. Dist. LEXIS 109912, at *2 (S.D.N.Y. June 21, 2024).

Additionally, Castellano's argument that he "suffers cognizable prejudice" under Al-'Owhali if the court declines to reach the merits is incorrect. Al-'Owhali does not stand

9

for the proposition that convictions must be vacated when doing so could potentially result in a shorter prison term after plenary resentencing. As the Government explained in its Opposition, "Al-'Owhali itself cited *avoiding* resentencing as a *reason* to invoke the concurrent sentence doctrine." (Opp'n at 3.) In Al-'Owhali, the Second Circuit found that the "[t]he costs [of not applying the concurrent sentence doctrine] would be significant, especially in light of [the petitioner's] contention that vacatur of his § 924(c) conviction should occasion a resentencing on all of his other counts. Two decades removed from the original sentencing, the 'social costs of retrial or resentencing are significant, and the attendant difficulties are acute.'" 36 F.4th at 467 (quoting Calderon v. Coleman, 525 U.S. 141, 146, (1998)).

Recent case law further bolsters this Court's decision to employ the concurrent sentence doctrine, even when doing so would deprive petitioner of de novo resentencing. In Muyet v. United States, No. 23-333, 2024 WL 2890390, at *2 (2d Cir. June 10, 2024) (summary order), cert. denied, 145 S. Ct. 1068 (2025), the Second Circuit found that "the district court acted within its discretion in declining to reach the merits by applying the concurrent-sentence doctrine" where, among other factors, the parties briefed the issue of de novo resentencing and the district court understood its discretion

10

to conduct a de novo resentencing. Here the issue of de novo resentencing was squarely addressed by both parties and was rejected by the Court in the Decision through the application of the concurrent sentence doctrine.

Accordingly, for the reasons stated above, Castellano fails to establish any grounds for reconsideration and the Court denies his Motion for Reconsideration. The Court also denies the Judicial Notice Motion as moot because the Government has already responded to the Motion for Reconsideration and the Court denies that motion here.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of Petitioner Alberto Castellano ("Castellano") for reconsideration of this Court's Decision and Order dated April 16, 2025 (Dkt. No. 476) is **DENIED**. It is further

**ORDERED** that Castellano's Motion for judicial notice (Dkt. No. 484) is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 476 and 484. The Clerk of Court is also respectfully directed to mail a copy of this Order to Alberto Castellano, Register Number 12212-069, F.C.I. Lewisburg, Federal Correctional Institution, P.O. Box 1000, Lewisburg, PA 17837, and note service on the docket.

11

**SO ORDERED.**

Dated:     5 January 2026
           New York, New York

Victor Marrero
U.S.D.J.